# EXHIBIT D

Emails

| | | |
|---|---|---|
| From: | Michael Davis mdavis@bg.law | |
| Subject: | FW: Nobel Textile v. 17/21 Group, LLC |  |
| Date: | April 10, 2018 at 10:32 AM | |
| To: | Brett Ramsaur brett@ramsaurlaw.com | |
| Cc: | Nicholas A. Rozansky nrozansky@bg.law | |

Brett – here is the chain re Nobel that I told you about during the call.

Notwithstanding our attempts to get the hearing re the third party claim off calendar, Nico would not agree. I had to attend the hearing (which was about 3.3 hours of billing) and argue it. At the hearing, Nico asked that the Court merely continue the hearing to some later date, rather than it going off calendar (which was the Court's initial thought on the matter). I argued against that on the grounds that even requesting a hearing could be considered a violation of the automatic stay. The superior court eventually took everything off calendar and set a BK status conference for January 2019. Nico was ordered to provide you notice with all of this, although we don't show that he has done so yet.

All of our related fees were incurred in relation to the factoring agreement (protecting our client's interests thereunder). As discussed during our call, our client asserts that it has the right to payment of these fees from the amounts held in reserve that would have otherwise been returned to the debtor (subject to the phase out of the preference reserves, which we anticipate). Nick and I went to great lengths to try and avoid the incurrence of those fees (see emails below) but Nico simply would not agree.

Mike


**BRUTZKUS GUBNER**
Brutzkus Gubner Rozansky Seror Weber LLP
YOUR COUNSEL MATTERS

Michael Davis

Brutzkus Gubner Rozansky Seror Weber LLP
21650 Oxnard St., Suite 500
Woodland Hills, CA 91367-4911
www.bg.law

(818) 827-9000 Main
(818) 827-9138 Direct
(818) 827-9044 Fax
mdavis@bg.law

The preceding e-mail message is subject to Brutzkus Gubner Rozansky Seror Weber LLP's e-mail policies, which can be found at:
http://www.bg.law/disclaimer


**From:** Michael Davis
**Sent:** Friday, March 30, 2018 12:04 PM
**To:** 'Nico Tabibi' <nico@tabibilaw.com>; Nicholas A. Rozansky <nrozansky@bg.law>
**Cc:** Sharon Choi <snchoiesq@gmail.com>; Mark Brutzkus <mbrutzkus@bg.law>; Melody L. Evans <mevans@bg.law>
**Subject:** RE: Nobel Textile v. 17/21 Group, LLC

Nico, thanks. – I think there is a bit of a difference. Analogize it like a pending complaint (our third

Nico, thanks. I think there is a bit of a difference. Analogize it like a pending complaint (our third party claim) and your petition (motion to dismiss). There is a difference between requesting a hearing on a motion to dismiss go off calendar and dismissing a complaint. The complaint need not be dismissed, but to the extent the motion to dismiss presents the possibility of some sort of affirmative relief being granted, then the hearing on that motion to dismiss should go off calendar so as to avoid any such ruling.

By taking your hearing off calendar you are not "taking an action against the debtor," but by allowing through your initial request a potential ruling to be entered in violation of the stay, you are. I hope that makes sense.

I agree with your position that "everything is stayed" but you seem to be letting the ball hang in the air by saying "if the Court does something, then it does something." You right now have the opportunity (and I, respectfully, would argue the responsibility) to prevent a stay violation from occurring. Ultimately, any order entered in violation of the stay will be something that the Debtor and its counsel will be forced to deal with and they may seek compensation in connection therewith, especially in light of the present opportunity to avoid the need.

I hope you understand that I am not trying to advocate a position in the underlying action or get in a fight with you about anything, I am just trying to explain why refusing to do something so simple as making a joint call may have enduring consequences. Ultimately, if we can't reach a sensible "good for everyone" agreement here, Debtor's counsel will have to deal with it.

Mike

**From:** Nico Tabibi [mailto:nico@tabibilaw.com]
**Sent:** Friday, March 30, 2018 11:51 AM
**To:** Michael Davis <mdavis@bg.law>; Nicholas A. Rozansky <nrozansky@bg.law>
**Cc:** Sharon Choi <snchoiesq@gmail.com>; Mark Brutzkus <mbrutzkus@bg.law>; Melody L. Evans <mevans@bg.law>
**Subject:** RE: Nobel Textile v. 17/21 Group, LLC

Michael: thank you for your email below. If the matter is stayed, then how can I take any action in this matter. Do you know if Nick trying to gain a tactical advantage here by not withdrawing his 3rd party claim yet demanding that I call the court and try to tell the court to not hold a hearing that Nick started, which I do not know if I can do in light of the stay. If everything is stayed then everything is stayed. Thx. Nico

**From:** Michael Davis [mailto:mdavis@bg.law]
**Sent:** Friday, March 30, 2018 11:45 AM
**To:** Nicholas A. Rozansky; Nico Tabibi
**Cc:** Sharon Choi; Mark Brutzkus; Melody L. Evans
**Subject:** RE: Nobel Textile v. 17/21 Group, LLC

Dear Nico (and Nick),

All actions against the Debtor are stayed (Nico, I think you would agree based on the language of your notice). "All actions" include those both by Nobel and Milberg to the extent that each of the

parties are seeking to collect alleged amounts owed from the Debtor (17/21 Group).  The third party claim does not need to be "withdrawn" – that is not what the law requires – it is simply stayed pending the bankruptcy court's explicit permission for that matter to proceed (and the same goes for Nobel's claim).  For example, if the bankruptcy grants relief from stay for the third party claim to proceed, then it may proceed notwithstanding the bankruptcy.

If any party knowingly violates the stay, they have an affirmative duty to remedy the violation to remedy it and the failure to do so is grounds for contempt sanctions under Section 105(a).  In re Dyer, 322 F.3d at 1192; In re Del Mission Ltd., 98 F.3d 1147, 1151(9th Cir. 1996); In re Pace, 67 F.3d 187 (9th Cir. 1995).  The bankruptcy court is the only court with present jurisdiction to determine whether Nobel and/or Milberg have a claim against the Debtor (and the extent and priority thereof). Should the Court enter an order (albeit void ab initio) affecting the debtor's assets and liabilities (just because of the refusal to have the motion taken off calendar), the party seeking the relief will likely have to incur additional expense in vacating any such order.

I'm sure neither client wants to incur the expense of remedying a potential stay violation because counsel is so intransigent that they cannot agree to take a hearing off calendar.  So, my question is, what is the disagreement here?  Everyone agrees that the LASC court matters against the Debtor are stayed, and any orders/judgments the LASC may enter against the Debtor will be void as in excess of its present jurisdiction in light of the automatic stay.  It seems a waste of everyone's time and money to force one party or another to show up at the Superior Court to have it say "this matter is stayed" (we all know that is the case).

Nico – are you amendable to calling the Court Monday early morning (since they are out today) to request that this hearing be taken off calendar?  If you aren't, I think the best course of action for us would be to advise Debtor's counsel as to the status of this matter and your insistence that it go forward. I have no idea what Debtor's counsel position would be on seeking damages from the moving for the necessity of that appearance notwithstanding actual notice of the bankruptcy and the stay.

Mike

**BRUTZKUS GUBNER**
Brutzkus Gubner Rozansky Seror Weber LLP
YOUR COUNSEL MATTERS

Michael Davis

Brutzkus Gubner Rozansky Seror Weber LLP
21650 Oxnard St., Suite 500
Woodland Hills, CA 91367-4911
www.bg.law

(818) 827-9000 Main
(818) 827-9138 Direct
(818) 827-9044 Fax
mdavis@bg.law

The preceding e-mail message is subject to Brutzkus Gubner Rozansky Seror Weber LLP's e-mail policies, which can be found at: http://www.bg.law/disclaimer

**From:** Nicholas A. Rozansky
**Sent:** Friday, March 30, 2018 10:39 AM
**To:** Nico Tabibi <nico@tabibilaw.com>; Michael Davis <mdavis@bg.law>
**Cc:** Sharon Choi <snchoiesq@gmail.com>; Mark Brutzkus <mbrutzkus@bg.law>; Melody L. Evans <mevans@bg.law>
**Subject:** Re: Nobel Textile v. 17/21 Group, LLC

Michael,

Please explain to Nico. He requested the hearing.

Thanks;

Nick Rozansky

On Mar 30, 2018, at 10:24 AM, Nico Tabibi <nico@tabibilaw.com> wrote:

What is your authority or should we all think that you are the one shoot from the hip.

I gave what notice to the court (again see copy attached). The rest is up to you and to the court. The court may very well think that the motion on calendar was necessitated by your actions and is to determine the rights between you and I. If so, the court may very well go forward with the determination of your factor's third party claim.

The record shows that your third party claim triggered the chain of events which has set the hearing on Monday. It was you who filed the third party claim, which necessitated the whole procedure per code, including but not limited to the hearing on Monday. It sound like your colleague has to determine what you have done and advise you accordingly.

**From:** Nicholas A. Rozansky [mailto:nrozansky@bg.law]
**Sent:** Friday, March 30, 2018 10:00 AM
**To:** Nico Tabibi; 'Sharon Choi'
**Cc:** Mark Brutzkus; Melody L. Evans
**Subject:** RE: Nobel Textile v. 17/21 Group, LLC

Nico, I don't know how you reached the conclusion that I represent 17/21, but I am not it's counsel.

If you allow Monday's hearing to proceed (which you requested), we will take appropriate action relating to contempt in the BK court. Your position that we must withdraw the third party claim is a classic shoot from the hip position from you with no legal authority. Accordingly, I am cc'ing my colleague Michael Davis from my firm's BK department.

Regards,



Nicholas A. Rozansky, Partner

Brutzkus Gubner Rozansky Seror Weber LLP
21650 Oxnard St., Suite 500
Woodland Hills, CA 91367-4911
www.bg.law

(818) 827-9000 Main
(818) 827-9144 Direct
(818) 827-9022 Fax
nrozansky@bg.law

The preceding e-mail message is subject to Brutzkus Gubner Rozansky Seror Weber LLP's e-mail policies, which can be found at:
http://www.bg.law/disclaimer

---

**From:** Nico Tabibi [mailto:nico@tabibilaw.com]
**Sent:** Friday, March 30, 2018 9:55 AM
**To:** Nicholas A. Rozansky <nrozansky@bg.law>; 'Sharon Choi' <snchoiesq@gmail.com>
**Cc:** Mark Brutzkus <mbrutzkus@bg.law>; Melody L. Evans <mevans@bg.law>
**Subject:** RE: Nobel Textile v. 17/21 Group, LLC

It sounds like you are representing 17/21 Group, do you?

We gave notice of BK yesterday-see attached courtesy copy.  I agree that the BK filing imposes an automatic stay and I believe that the court will formally stay the case once the court reviews my notice.  However, there is a possibility that the court may take the position that Monday's hearing has nothing to do with the Defendant and is only dealing with the factor's third party claim.  Thus it seems to me that if you do not wish the hearing to go forward on Monday, it is you who has to withdraw the factor's third party claim.

Please let me know.

---

**From:** Nicholas A. Rozansky [mailto:nrozansky@bg.law]
**Sent:** Friday, March 30, 2018 9:34 AM
**To:** Nico Tabibi; 'Sharon Choi'
**Cc:** Mark Brutzkus; Melody L. Evans
**Subject:** RE: Nobel Textile v. 17/21 Group, LLC
**Importance:** High

Nico,

As you know 17-21 Group filed BK 3/26.  Despite that the Superior Court docket reflects that our hearing on the third party claim remains on calendar for Monday.  Proceeding with this hearing will be a violation of the automatic stay.  Violation of an automatic stay is subject to contempt in the bankruptcy courts.

If you have not already done so, take the hearing off-calendar.

Please confirm that the hearing is off.

Regards,

**BRUTZKUS GUBNER**
Brutzkus Gubner Rozansky Seror Weber LLP
YOUR COUNSEL MATTERS®

Nicholas A. Rozansky, Partner

Brutzkus Gubner Rozansky Seror Weber LLP
21650 Oxnard St., Suite 500
Woodland Hills, CA 91367-4911
www.bg.law

(818) 827-9000 Main
(818) 827-9144 Direct
(818) 827-9022 Fax
nrozansky@bg.law

The preceding e-mail message is subject to Brutzkus Gubner Rozansky Seror Weber LLP's e-mail policies, which can be found at:
http://www.bg.law/disclaimer